**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHRISTOPHER J. BENTON,**

    **Plaintiff,**

**vs.**                                         **Case No. 4:17cv513-RH/CAS**

**SERGEANT REDDING,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this action in early November 2017, and service of Plaintiff's complaint, ECF No. 1, was carried out in November 2017. An executed return of service was filed for Defendant Redding, showing the Defendant was served on November 27, 2017, at Jefferson Correctional Institution. ECF No. 9. Defendant did not, however, file an answer or otherwise respond to Plaintiff's complaint and the Clerk entered a default against Defendant Redding. ECF No. 15. Subsequently, Plaintiff filed a motion for default judgment, ECF No. 19, but ruling was deferred because Plaintiff did not demonstrate the basis for his requested

$362,000.00 in compensatory damages. *See* ECF No. 26. Plaintiff was required to file a response to that Order, ECF No. 26, by April 13, 2018.

On March 13, 2018, Defendant Redding filed a motion to set aside default and a motion for an extension of time to respond to Plaintiff's complaint, ECF No. 27, and a notice of appearance was also filed. ECF No. 28. Ruling on that motion was deferred and Plaintiff directed to file a response by April 13, 2018. Plaintiff has done so, ECF No. 33, and both the motion and Plaintiff's response have been considered.

Defendant Redding advises that he was served with the complaint on November 27, 2017. ECF No. 27 at 2. Defendant provided the summons and complaint to the litigation coordinator at Jefferson Correctional Institution, and she "transmitted the litigation cover sheet and the summons to Debra Hix at the FDOC on November 29, 2017." *Id.* Central office received the materials, but for unknown reasons, "the papers were lost or misplaced and no follow up or assignment for defense of this matter occurred until the litigation coordinator and the FDOC received the" Court Order dated March 1, 2018. *Id.* A week later, on March 7, 2018, papers were sent to Risk Management and a day later, the case was assigned to the Florida Attorney General's Office. *Id.* at 2-3.

Defendant also advises that he never received the several court orders which were sent to the Defendant at the institution. *Id.* at 3. It appears that the orders were "mishandled" during a time in which the litigation coordinator position was in transition at the institution. *Id.* "Defendant Redding is adamant that the only papers he has ever received regarding this lawsuit were the original Summons and Complaint in November, 2017." *Id.* Furthermore, Defendant Redding did not delay after receiving the initial service documents. *Id.* Defendant Redding requests that the mistakes and delay which occurred in this case not be held against him. *Id.* at 4. Defendant points out that Plaintiff is not prejudiced in granting Defendant's motion and asserts that the motion is made in good faith and not for unnecessary delay. *Id.*

Rule 55(c) permits a court to "set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The motion demonstrates that Defendant Redding has not acted to cause delay in this case. It is unknown why officials at Central Office did not process the service documents in the usual fashion. Those mistakes, however, have not been shown to be attributable to Defendant Redding.

Further, Plaintiff's argument that the FDOC was on notice of this case when the in forma pauperis Order was entered, see ECF No. 4, is irrelevant. ECF No. 33 at 2. That Order did not prompt assignment of counsel or require a response to the complaint. In the vast majority of cases, prisoner litigants are directed to file one or two amended complaints before service is directed. Accordingly, the in forma pauperis Order, ECF No. 4, has no bearing on whether Defendant Redding's motion to set aside default should be granted.

Good cause has been shown by Defendant Redding as required by Rule 55(c). The Clerk's entry of default against Defendant Redding, ECF No. 15, should be set aside. The Defendant's failure to respond was not "the result of culpable or willful conduct" and Plaintiff has not shown prejudice in setting aside the default. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (quoted in Badger Auctioneers, Inc. v. Ali, No. 616cv572-ORL-31-TBS, 2017 WL 343904, at *2 (M.D. Fla. Jan. 10, 2017), report and recommendation adopted, No. 616cv572-ORL-31-TBS, 2017 WL 320819 (M.D. Fla. Jan. 23, 2017). Defendant Redding's motion to set aside the default, ECF No. 27, should be granted and Defendant provided additional

time in which to file a response to the complaint.  Defendant Redding has demonstrated his intent to defend against the claims brought against him and he should be required to file an answer or other response to the complaint within 10 days of the date an Order is entered which adopts this recommendation.  Finally, Plaintiff's motion for default judgment, ECF No. 19, should be denied.

It is respectfully **RECOMMENDED** that Plaintiff's motion for default judgment, ECF No. 19, be **DENIED**; that Defendant Redding's motion to set aside the Clerk's default, ECF No. 27, be **GRANTED**; and Defendant Redding be required to file an answer or other response to the complaint within 10 days.  It is additionally **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 16, 2018.

S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R.**

**Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**